IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY, § § § | |
| Plaintiff, § § | |
| vs. § | CIVIL ACTION NUMBER: |
| § | 2:05CV1092-D |
| SUIDAE TECHNOLOGY, INC., § UNITED NATIONAL INSURANCE § COMPANY; SOUTH ALABAMA PIGS, § L.L.C., § Defendants. § § | |

## PETITION FOR DECLARATORY JUDGMENT

COMES NOW The Burlington Insurance Company (hereinafter "Burlington"), by and through its undersigned counsel, and files this Petition for Declaratory Judgment and alleges as follows:

1. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201-2202, brought to determine the rights, duties, status, and legal relations of the parties under the insurance policies described below.

2. An actual and justiciable controversy exists among the parties as to which a declaratory judgment setting forth the parties respective rights and obligations under the said insurance policies is necessary and appropriate.

3. Plaintiff The Burlington Insurance Company is a corporation organized and existing under the laws of the state of North Carolina, with its principal place of business in Burlington, North Carolina.

4. Defendant Suidae Technology, Inc. (hereinafter "Suidae"), is a corporation organized and existing under the laws of the state of Indiana, with its principal place of business in Batesville, Indiana.

5. Defendant United National Insurance Company, (hereinafter "United National"), is a corporation organized and existing under the laws of the state of Pennsylvania. On averment and belief its principal place of business is in Pennsylvania.

6. South Alabama Pigs, LLC (hereinafter "South Alabama Pigs") is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Goshen, Alabama.

7. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a) because the controversy is between citizens of different states and, thus, there is complete diversity of citizenship.

8. The amount in controversy in the lawsuit brought by South Alabama Pigs, LLC and, thus, the amount claimed by Suidae under the Burlington policy, exceeds the sum or value of $75,000, exclusive of interest and costs.

9. Venue in this District is proper, pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events, acts, or omissions giving rise to the asserted claims took place in this District.

10. In this action, Burlington seeks a declaration of the parties' rights and liabilities pursuant to policies of insurance issued by Burlington and United National with respect to insurance coverage for the matter styled South Alabama Pigs, LLC v. Farm Feeders, Inc., et al., pending in the United States District Court for the Middle District of Alabama, Civil Action Numbers CV-02-T-

1413-N and CV-02-T-1415-N. A copy of the Complaint filed by South Alabama Pigs, L.L.C. is attached as "Exhibit A."

11. The Burlington Insurance Company issued a commercial general liability insurance policy, number B0314Q510110, to Suidae Technology, Inc., with effective dates of January 1, 2002 through January 1, 2003. A copy of Burlington's policy is attached as "Exhibit B."

12. United National Insurance Company issued a commercial umbrella liability policy to Suidae Technology, Inc. with a similar policy period.

13. The plaintiff in the underlying lawsuit, South Alabama Pigs, entered into a contract with a defendant in the underlying lawsuit, Farm Feeders, Inc. ("Farm Feeders") for the sale of weaned pigs. Under the terms of the contract, Farm Feeders was to buy pigs raised by South Alabama Pigs. It is alleged that Suidae acted as the parties' broker, bringing South Alabama Pigs and Farm Feeders together to negotiate a contract for the sale and purchase of the pigs.

14. On February 14, 2002, South Alabama Pigs and Farm Feeders entered into a contract for the sale of pigs. In June 2002, Farm Feeders terminated its agreement with South Alabama Pigs. South Alabama Pigs then sued Farm Feeders for, among other things, breach of contract. South Alabama Pigs sued Suidae for misrepresentation, suppression of material facts, conspiracy, negligence and/or wanton hiring, training and supervision, and intentional interference with contractual relations. The complaint filed by South Alabama Pigs alleges that Suidae misrepresented the financial status of Farm Feeders, misrepresented the industrial capabilities of Farm Feeders, and misrepresented the capability of Farm Feeders to fulfill its obligations under the contract with South Alabama Pigs. The Complaint demands recovery of economic loss.

15. Pursuant to the terms of the contract between South Alabama Pigs and Farm Feeders, the United States District Court submitted the claims by South Alabama Pigs to binding arbitration.

16. Suidae requested defense and indemnification from Burlington for the underlying lawsuit and arbitration. Both in the District Court, and in arbitration, Burlington has provided a defense to Suidae pursuant to a full reservation of all rights and coverage defenses. The umbrella carrier, United National Insurance Company, has made demand that Burlington settle the claims against Suidae.

17. Burlington avers that no duty to defend or indemnify exists under its policy for the claims made against Suidae. Arbitration proceedings were held in the dispute between Suidae and South Alabama Pigs, L.L.C. In the arbitration, no contentions were made, and no evidence was submitted, which brings the claims of South Alabama Pigs, L.L.C., within the coverage of the policy issued by Burlington. South Alabama Pigs, L.L.C. was the only claimant in the arbitration. Specifically, the contentions and evidence offered at arbitration, as evidenced by the court reporter's transcription of the proceeding, fail to allege, or to prove, damages within the policy definition of "covered damages." In the arbitration, the sole damages alleged, and/or proven, were damages for economic loss to a corporation. The Burlington policy provides coverage only for "property damage" which is defined as "physical damage injury to tangible property" or for "bodily injury" damages. No coverage is provided for purely economic loss. The damages claimed by South Alabama Pigs, L.L.C. do not meet the definitions of the insuring provisions of the policy and, therefore, are not covered damages. The matters for which South Alabama Pigs, L.L.C. brought suit against Suidae do not present an "occurrence" within the requirements of the insuring provisions

of the policy and, therefore, are not covered damages. Other policy definitions and exclusions also preclude coverage.

18.     Burlington further avers that the facts and circumstances presented by the claims against Suidae are not within the terms of the policy, and that the facts and circumstances of said claims are within the terms of the exclusions of the policy. Hence, Suidae is not entitled to policy benefits by way of defense or indemnity of the aforesaid claims under the policy issued by Burlington. Insofar as is relevant here, the Burlington policy provides, under Coverage A, which is titled "Bodily Injury and Property Damage Liability," as follows:

> We [Burlington] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages.
>
> Coverage A further provides that the insurance:
>
> applies to "bodily injury" and "property damage" only if:
>
> (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>
> (2)  The "bodily injury" or "property damage" occurs during the policy period.

Coverage A further provides that the insurance does not apply to "'bodily injury' or 'property damage' expected or intended from the standpoint of the insured."

Coverage A further provides that the insurance does not apply to "'bodily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement."

Coverage A further provides that this insurance does not apply to "'property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'"

Coverage A further provides that this insurance does not apply to " 'property damage' to 'impaired property' or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work', or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms."

The policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

The policy defines "property damage" as "physical injury to tangible property, including all resulting loss of use of that property," or "loss of use of tangible property that is not physically injured" but that results from an "occurrence."

The policy contains an exclusion for punitive damages, which provides:

This insurance does not apply to any claim of or indemnification for punitive or exemplary damages. If a "suit" seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide defense for such action. We will not have any obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

The policy also contains an exclusion under an endorsement titled "Exclusion - Designated Professional Service", which provides as follows:

SCHEDULE

Description of Professional Services:

1. MANAGEMENT CONSULTING; FINANCIAL CONSULTING

2. ARCHITECTS AND ENGINEERS

3. FEED MANUFACTURING OR SALES

. . .

With respect to any professional services shown in the Schedule, the following exclusion is added to Paragraph 2., Exclusion of Section 1 - Coverage A - Bodily Injury and Property Damage Liability and Paragraph 2., Exclusions of Section I - Coverage B - Personal and Advertising Injury Liability:

This Insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" due to the rendering of or failure to render any professional service.

19. Burlington respectfully requests that this Honorable Court declare that no duty to defend or indemnify arises under the Burlington policy for the claims made against Suidae, as the claims are not within the terms of the Burlington policy and, therefore, Burlington has no duty or obligation to defend or indemnify Suidae against the claims made against it by South Alabama Pigs, L.L.C..

20. Burlington respectfully requests that this Honorable Court declare that the Burlington policy provides no coverage for Suidae as the claims made by South Alabama Pigs, L.L.C. against Suidae are within the terms of the exclusions of the Burlington policy and, therefore, Burlington has no duty or obligation to indemnify Suidae against these claims.

21. A bona fide controversy exists as to the legal rights, status, and liabilities of these parties pursuant to the Burlington policy.

22. Burlington hereby offers to do equity.

**WHEREFORE, PREMISES CONSIDERED**, Burlington respectfully requests the following relief:

(1)   That this Court will take jurisdiction of this Petition;

(2)   That this Court will ORDER, ADJUDGE, and DECREE that this is a proper case for declaratory judgment relief and that there is a bona fide controversy between the parties as to their legal rights, status, and liabilities;

(3)   That the process of this Court be issued to the defendants as provided by law and the rules of this Court and that the defendants be ordered to respond to this Petition for Declaratory Judgment within the time prescribed by law or, in the event of failure to do so, suffer a decree *pro confesso*;

(4)   That upon final hearing of this cause, this Honorable Court will declare the rights, status, and legal relations of Burlington and the defendants named in this Petition under said policy of insurance issued by Burlington;

(5)   That upon a final hearing of this case, this Honorable Court will order, adjudge, declare, or decree that no coverage is afforded to the defendants under said policy for the claims brought by the aforesaid parties;

(6)   That if Burlington is mistaken in any special relief herein prayed for, then it prays for such other, further or more general relief to which it may be entitled.

(7)   That United National Insurance Company has suffered no harm because of Burlington's denial of indemnity.

Dated this 14th day of November, 2005.

                                Respectfully submitted,

                                Carol Ann Smith, 3485-T81C
                                Attorney for Plaintiff,
                                The Burlington Insurance Company

**OF COUNSEL:**
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, Alabama 35209
Phone: (205) 802-2214
Fax: (205) 879-4445

**PLEASE SERVE THE FOLLOWING DEFENDANTS BY CERTIFIED MAIL:**

Suidae Technology, Inc.
131 W. CR 950 North
Batesville, IN 47006

United National Insurance Company, Inc.
Three Bala Plaza, East
Suite 300
Bala Cynwyd, PA 19004

South Alabama Pigs, L.L.C.
c/o Barbara Lester
Route 1 Box 22
Goshen, Alabama 36035