Exhibit "A"

IN THE CIRCUIT COURT OF
CRENSHAW COUNTY, ALABAMA

SOUTH ALABAMA PIGS, L.L.C.,            )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )    CIVIL CASE NO. CV-02-_96_
                                       )
FARM FEEDERS, INC.; AUDUBON            )
WHOLESALE VET SUPPLY, INC.; SCOTT      )
BENTON; DENNIS MCCOOL; SUIDAE          )
TECHNOLOGY, INC.; and Fictitious       )
Defendants "A", "B", and "C", whether  )
singular or plural, those other persons, )
corporations, firms, or other entities )
whose wrongful conduct caused or       )
contributed to cause the injuries and  )
damages to the Plaintiffs, all of whose )
true and correct names are unknown to  )
Plaintiffs at this time, but will be   )
substituted by amendment when          )
ascertained,                           )
                                       )
        Defendants.                    )

Suidae Technology, Inc.
Policy #B0314Q510110
Date of Loss 1-15-02 (Approx)
Page   12   of   30

## COMPLAINT

## STATEMENT OF THE PARTIES

1.  Plaintiff South Alabama Pigs, L.L.C., is an Alabama limited liability company with its principal place of business in Crenshaw County, Alabama.

2.  Defendant Farm Feeders, Inc., (hereinafter referred to as "Farm Feeders") is a foreign corporation doing business in Crenshaw County, Alabama.

3.  Defendant Audubon Wholesale Vet Supply, Inc., (hereinafter referred to as "Audubon") is a foreign corporation doing business in Crenshaw County, Alabama, and is the parent company and alter ego of Defendant

Suidae Technology, Inc.
Policy #B0314Q510110
Date of Loss 1-15-02 (Approx)

Farm Feeders.                    Page 13   of   30

4.   Defendant Scott Benton is over the age of nineteen (19) years and is a
     resident of the State of Iowa.

5.   Defendant Dennis McCool is over the age of nineteen (19) years and is a
     resident of the State of Iowa, and alter ego of Defendant Farm Feeders.

6.   Defendant Suidae Technology, Inc., (hereinafter referred to as "Suidae")
     is a foreign corporation doing business in Crenshaw County.

7.   Fictitious Defendants "A", "B", and "C", whether singular or plural, are
     those other persons, firms, corporations, or other entities whose wrongful
     conduct caused or contributed to cause the injuries and damages to
     Plaintiff, all of whose true and correct names are unknown to Plaintiff at
     this time, but will be substituted by amendment when ascertained.


                        STATEMENT OF THE FACTS

8.   On or about January of 2002, in Crenshaw County, Alabama, Paul Burton
     and Bob Chalus acting as agents and/or representatives for Defendant
     Suidae and Defendant Scott Benton acting as an agent and/or
     representative of Defendants Farm Feeders and McCool approached
     Plaintiff about entering into an agreement to supply weaned pigs to Farm
     Feeders. Plaintiff was already in an existing contract to supply weaned
     pigs to Farmland Industries, Inc.

9.   At this time, Defendants misrepresented and/or concealed material facts
     from Plaintiff regarding, but not limited to, the following: Defendants

Suidae Technology, Inc.
Policy #B0314QS10110
Date of Loss 1-15-02 (Approx)
Page 14    of    30

misrepresented to Plaintiff that Farm Feeders was in the business of buying and finishing pigs, and had the capabilities to take the pigs "from start to finish", which would entail the purchase of weaned pigs for the purpose of feeding to a specified weight, at which point, they would be slaughtered and packaged for sale.

10. Defendants further represented that in the event they had to resell any of the additional pigs mentioned in the contract addendum, they already had numerous buyers lined up to purchase said pigs and were not dependent on one particular buyer.

11 Defendants also represented that due to the personal guarantees of Defendant Dennis McCool and the stability of parent company Defendant Audubon, Farm Feeders had the necessary financial support, facilities and contacts within the farm industry, to purchase and finish the large quantity of pigs specified for sale in the contract.

12. All of the abovementioned representations made by Defendants were false.

13. Defendants therefore misrepresented to Plaintiff, Defendant Farm Feeders' present ability to fulfill its obligations under the contract.

14. Plaintiff relied on these representations in making its decision to enter into an agreement with Defendant Farm Feeders.

15. Based on the representations made by Defendants, Plaintiff changed its position and rescinded its existing contract with Farmland Industries, and on February 14, 2002, entered into a four (4) year written contract,

Suidae Technology, Inc.
Policy #B0314Q510110
Date of Loss 1-15-02 (Approx)
Page 15 of 30

including addendum, to supply 800-1,000 weaned pigs a week with a floor price of $28.00 and ceiling of $38.00 per pig to Defendant Farm Feeders every week for the four (4) year duration of the contract.

16.    At this time, Plaintiffs started supplying pigs to Defendant Farm Feeders according to the aforementioned provisions of the contract

17.    On or around June 2002. Defendant Farm Feeders notified Plaintiff that it would no longer purchase any more pigs from Plaintiff.

18.    At all times material hereto, Paul Burton and Bob Chalus were the agents and/or representatives for Defendant Suidae and were acting within the line and scope of their agency in dealing with Plaintiff.

19.    At all times material hereto, Scott Benton was the agent and/or representative for Defendants Farm Feeders, Audubon and Dennis McCool and was acting within the line and scope of his agency in dealing with Plaintiff.

20.    Plaintiff discovered the fraud within two (2) years of filing this lawsuit.

21.    Defendants entered into a pattern or practice of fraudulent conduct, which included the fraud practiced on Plaintiff.


## COUNT ONE

22.    Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

23.    Defendants, in and around January 2002, misrepresented material facts to Plaintiff as stated above.

Suidae Technology, Inc.
Policy #B0314Q510110
Date of Loss 1-15-02 (Approx)
Page 16 of 30

24.     The representations made by Defendants were false and Defendants knew
they were false.

25      Plaintiff relied upon the false representations, changed its position and
entered into the contract with Defendant Farm Feeders.

26.     As a proximate consequence of the Defendants' fraudulent conduct, Plaintiff
has sustained substantial economic damage including, but not limited to: lost
revenues and profits to sell its pigs to other buyers for substantially lower
than the contract price; loss of anticipated profits; forgone business
opportunities; out-of-pocket expenses, including attorneys' fees and other
costs; and has been otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against all Defendants in such
an amount of compensatory and punitive damages as a jury deems reasonable
and may award, plus costs.

## COUNT TWO

27.     Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in
full.

28.     Defendants in and around January 2002 and continuing thereafter,
misrepresented material facts to Plaintiff as stated above.

29.     Defendants' misrepresentations of material facts to Plaintiff were made
intentionally, deliberately, consciously, maliciously, oppressively,
fraudulently, and/or wantonly.

30.     Defendants made the representations with the intent not to perform any of
the promises made and with the present intent to deceive Plaintiff.

31.    Plaintiff relied upon the false representations, changed its position and entered into the contract with Defendant Farm Feeders.

32.    As a proximate consequence of the Defendants' fraudulent conduct, Plaintiff was injured and damaged as alleged in paragraph 26 above.

WHEREFORE, Plaintiff demands judgment against all Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT THREE

33.    Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

34.    At the aforesaid times and places, Defendants innocently, recklessly, negligently or wantonly made the aforementioned misrepresentations and/or concealed the material facts.

35.    As a proximate consequence of the wrongful acts, Plaintiff was injured and damaged as alleged in paragraph 26 above.

WHEREFORE, Plaintiff demands judgment against all Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT FOUR

36.    Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

37.    At the aforementioned times and places Defendants fraudulently concealed and/or failed to disclose to Plaintiff material facts which included without

Suidae Technology, Inc,
Policy #B0314Q510110
Date of Loss 1-15-02 (Approx)
Page 18 of 30

limitation to the following: that Defendant Farm Feeders was not in the business of finishing pigs; they were going to resell most or all of the pigs purchased from Plaintiff as feeder pigs, making them more dependent upon market prices; they did not at the time of the agreement already have buyers lined up to buy additional pigs mentioned in the contract addendum but were in fact dependent on one prospective buyer; they did not have the financial backing of Defendants McCool and Audubon; and they never intended to perform their obligations for the specified duration of the contract.

38.    Plaintiff acted as a result of the non-disclosure and/or concealment by changing its position and entering into the contract with Defendant Farm Feeders.

39.    As a proximate consequence of the fraudulent conduct, Plaintiff was injured and damaged as alleged in paragraph 26 above.

WHEREFORE, Plaintiff demands judgment against all Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

### COUNT FIVE

40.    Plaintiff re-alleges all prior paragraphs of this Complaint as if set out here in full.

41.    Defendant Farm Feeders has breached its agreement and contract with Plaintiff by failing and/or refusing to purchase pigs from Plaintiff.

42.    As a proximate consequence of Defendant Farm Feeders' breach, Plaintiff was injured and damaged as alleged in paragraph 26 above.

Suidae Technology, Inc.
Policy #B0314Q510110
Date of Loss 1-15-02 (Approx)
Page 19 of 30

WHEREFORE, Plaintiff demands judgment against Defendants Farm
Feeders, McCool, Audubon, and Fictitious Defendants "A", "B", and "C" in such
an amount of compensatory damages as the jury may award, plus interest and
costs

## COUNT SIX

43.    Plaintiff hereby realleges all prior paragraphs of the Complaint as if set
       out here in full

44.    Defendant Suidae negligently or wantonly hired, trained, monitored, or
       supervised their employees, Paul Burton, Bob Chalus, and Fictitious
       Defendants "A", "B", and "C"

45.    As a proximate consequence of the negligence, Plaintiff was injured and
       damaged as alleged in paragraph 26 above.

WHEREFORE, Plaintiff demands judgment against Defendants Suidae
and Fictitious Defendants "A", "B", and "C" in such an amount of compensatory
and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT SEVEN

46.    Plaintiff hereby realleges all prior paragraphs of the Complaint as if set
       out here in full

47.    Defendants Farm Feeders and Dennis McCool negligently or wantonly
       hired, trained, monitored, or supervised Defendant, Scott Benton, and
       Fictitious Defendants "A", "B", and "C".

48.    As a proximate consequence of the negligence, Plaintiff was injured and
       damaged as alleged in paragraph 26 above.

Suidae Technology, Inc.
Policy #B0314Q510110
Date of Loss 1-15-02 (Approx)
Page 20 of 30

WHEREFORE, Plaintiff demands judgment against Defendant Farm Feeders, McCool, Audubon, and Fictitious Defendants "A", "B", and "C" in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT EIGHT

49.    Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

50.    Defendants have committed fraud and suppression against Plaintiffs and Defendants have contrived, combined, confederated and conspired amongst themselves to do acts hereinbefore described that have caused injury and damage to Plaintiff.

51.    Defendants have continued their conspiracy to misrepresent and suppress the aforementioned material facts even through the present.

52,    As a result of Defendants conspiring to commit those acts mentioned above, Plaintiff was injured and damaged as a result of the conspiracy, as alleged in paragraph 26 above.

WHEREFORE, Plaintiff demands judgment against all Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT NINE

53.    Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

Suidae Technology, Inc.
Policy #B0314Q510110
Date of Loss 1-15-02 (Approx)
Page 21 of 30

54. Defendants Audubon and Dennis McCool have been operating Defendant Farm Feeders as an alter ego to avoid personal liability or otherwise limit liability.

55. Plaintiff alleges that Defendants Audubon and Dennis McCool set up Farm Feeders, Inc., for the purpose of avoiding any personal liability.

56 Defendants Audubon and Dennis McCool are acting as the alter egos of Defendant Farm Feeders and are subject to all claims set forth hereinabove

57. Defendants Audubon and Dennis McCool breached the agreement with Plaintiff, made misrepresentations to Plaintiff and other wrongful conduct towards Plaintiff and this was done as the alter ego of Defendant Farm Feeders.

58 As a result of Defendants Audubon and Dennis McCool's alter ego, Farm Feeders, Plaintiff was injured and damaged as alleged in paragraph 26 above.

WHEREFORE, Plaintiff demands judgment against Defendants Audubon and McCool in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

Suidae Technology, Inc.
Policy #B0314Q510110
Date of Loss 1-15-02 (Approx)
Page   22  of   30

RHON E. JONES (JON093)
LARRY A. GOLSTON, JR. (GOL029)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF

THIS CAUSE.

OF COUNSEL